UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERTA JACOBSON,<br><br>   Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,[1]<br><br>   Defendant. | Case No. SA CV 16-01229-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Roberta Jacobson ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Social Security Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

---

[1] On January 23, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as defendant under Federal Rule of Civil Procedure 25(d).

# I.

# BACKGROUND

Plaintiff filed an application for DIB in January 2010, alleging disability beginning March 1, 2003. See Administrative Record ("AR") 110-13. After her application was denied both initially, see AR 70-73, and on reconsideration, see AR 75-79, she requested a hearing before an administrative law judge ("ALJ"), see AR 80. At Plaintiff's first hearing on May 12, 2011, the ALJ heard testimony by a vocational expert ("VE") and Plaintiff, who was represented by counsel. See AR 53-67. On June 2, 2011, the ALJ denied Plaintiff's claim for benefits. See AR 35-44. After the Appeals Council denied review of the ALJ's decision, see AR 11-13, Plaintiff sought judicial review in this Court, see AR 303-10. On March 13, 2014, the Court reversed the Commissioner's decision and remanded the case for further proceedings. See AR 312-20.

On March 26, 2015, the same ALJ held a hearing, see AR 253-73, at which the ALJ heard testimony by a VE, an impartial medical expert ("IME"), and Plaintiff, who was represented by counsel. See AR 254. In a written decision issued April 30, 2015, the ALJ denied Plaintiff's claim for benefits. See AR 221-34. He found that Plaintiff had the severe impairments of headaches, fatigue, and anemia. See AR 227. However, the ALJ determined that the severe impairments did not meet or medically equal the severity of a listed impairment. See id. He found that despite those impairments, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: she could lift and carry 20 pounds occasionally and 10 pounds frequently and sit, stand, and walk for 6 hours out of an 8-hour work day. See id. Based on the RFC, the ALJ found that Plaintiff could perform her past relevant work as a secretary. See AR 233. Thus, he determined that Plaintiff was not disabled from March 1, 2003, through

December 31, 2007.

After Plaintiff requested review of the decision, see AR 21-23, the Appeals Council denied the request, see AR 1-6. Thus, the ALJ's April 2015 decision became the final decision of the Commissioner. See 20 C.F.R. § 404.984. This action followed.

## II.
## DISCUSSION

Plaintiff argues that the ALJ improperly rejected the medical evidence from her treating physician. See Joint Stipulation ("JS") at 5.

### A. Applicable Law

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 404.1527(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended Apr. 9, 1996).[2] A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a nonexamining physician. See Lester, 81 F.3d at 830. When a treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830-31).

---

[2] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 804 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."). Accordingly, the Court applies the version of 20 C.F.R. § 404.1527 that was in effect at the time of the ALJ's April 2015 decision.

Where such an opinion is contradicted, the ALJ must provide only "specific and legitimate reasons" for discounting it. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. See 20 C.F.R. § 404.1527(c)(2)-(6).

**B.     Relevant Facts**

    **1.     Treating Physician Dr. William McIntyre, Jr.**

Dr. McIntyre treated Plaintiff at least 25 times between January 2004 and December 2007. See AR 181-85, 203-07. In April 2004 and June 2005, he noted that Plaintiff suffered from migraines without further explanation. See AR 185, 205, 207. In August 2004, he noted that Plaintiff had migraines but was "doing okay" and was "stable." AR 206. In May 2006, Dr. McIntyre noted that Plaintiff's migraines were increasing in frequency and increased her medication dosage. See AR 183. The remaining treatment notes addressed different ailments but do not mention the migraines.

On May 6, 2011, Dr. McIntyre completed a Headaches RFC Questionnaire regarding Plaintiff's condition in 2007. See AR 176. He described Plaintiff as having migraines, fatigue, and anemia, leading to severe chronic cluster migraines with symptoms including nausea, vomiting, photosensitivity, visual disturbances, and an inability to concentrate. See id. He described the frequency as both "daily," see AR 176, and "2 to 4 times a month, lasting 2 to 7 days," see AR 177. He noted that there were no recent test results (e.g. x-ray, MRI, CT scan, or EEG) regarding Plaintiff's migraines,

but he did not believe that tests or procedures would help him assess Plaintiff's limitations. See AR 177, 180. Dr. McIntyre treated Plaintiff's migraines with Fiorinal/Ritalin. See AR 178. He expected the migraines to last a lifetime and predicted that Plaintiff would be precluded from performing basic work activities, including "even 'low stress' jobs," when experiencing migraines. AR 178-79.

The ALJ concluded that he was "unable to give much weight" to Dr. McIntyre's opinion for five reasons: (1) the opinion was internally inconsistent regarding the frequency of Plaintiff's migraines; (2) Dr. McIntyre's opinion was unsupported by his treatment notes, which rarely mentioned migraines; (3) Dr. McInytre did not refer Plaintiff to a specialist; (4) his treatment notes never mention the nausea, vomiting, or visual disturbance symptoms listed in his opinion; and (5) Plaintiff's infrequent treatment history of routine follow-up visits does not support the severity claimed in the opinion. AR 231-32.

### 2. Examining Physician Dr. Concepcion Enriquez and Medical Expert Dr. Arnold Ostrow

Dr. Enriquez examined Plaintiff on May 24, 2010. See AR 168. She summarized Plaintiff's complaints of "squeezing and throbbing" headaches "aggravated by rain" and "accompanied by nausea, body aches and blurry vision." Id. Plaintiff explained that the headaches "subside in an hour" with medication. Id. Dr. Enriquez concluded that Plaintiff suffered from migraines, "which are mild in severity," and noted that examination did not reveal any neurological defects. AR 171. Thus, she found that Plaintiff has "no impairment-related physical limitations." Id. The ALJ gave "great" weight to Dr. Enriquez's examination "because it is well-supported by the unremarkable objective findings . . . and consistent with the body of evidence." AR 231.

Dr. Ostrow testified as the IME at Plaintiff's March 2015 hearing. See AR 253. After reviewing the record in the case, he determined that Plaintiff

suffered from mild migraines that do not meet or equal any listings and do not result in any physical impairments. See AR 258-59. Plaintiff's attorney cross-examined the IME about why he did not agree with Dr. McIntyre's opinion. See AR 259-62. Dr. Ostrow explained that Dr. McIntyre neither documented the severity and frequency of migraines nor supported the opinion with medical evidence. See id. The ALJ gave "considerable" weight to Dr. Ostrow's "opinion that there was no medically determinable impairment which caused limitations," because it was "well-supported and consistent with the evidence as a whole." AR 229.

## C. Analysis

Plaintiff argues that the ALJ erred in discounting the treating physician's opinion. See JS at 5. The Court finds that the ALJ gave specific and legitimate reasons for discounting Dr. McIntyre's contradicted opinion.

The ALJ's reliance on purported internal inconsistencies in Dr. McIntyre's opinion was not a legitimate reason for discounting his opinion. Dr. McIntyre referred to the frequency of Plaintiff's headaches as both daily and as two to four times per month for two to seven days at a time. See AR 176-77, 231. These estimates are not necessarily inconsistent. At the high end of the given range, Plaintiff would experience daily headaches. But this error was harmless because the ALJ relied on other specific and legitimate reasons. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context.").

The ALJ also properly noted a conflict between Dr. McIntyre's conservative treatment records and the severe functional limitations listed in his headaches questionnaire. See AR 232. Plaintiff visited Dr. McIntyre only every few months for routine follow up visits, and Dr. McIntyre did not refer Plaintiff to a neurologist or headache specialist. See id. Moreover, while

Plaintiff visited Dr. McIntyre regularly, her migraines were mentioned only sporadically. See AR 181-83, 203-07. In the headache questionnaire, Dr. McIntyre noted severe limitations and symptoms that would preclude functioning almost daily. See AR 176-80. But Dr. McIntyre's mild treatment—essentially medication management of Ritalin for Plaintiff's migraines—indicates that Plaintiff suffered from migraines that were controllable with medication. Such a conflict constitutes a specific and legitimate reason for rejecting his opinion. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (finding that ALJ properly refused to fully credit treating physician opinion where functional limitations were undermined by conservative course of treatment); see also Carmickle, 533 F.3d at 1162 ("A conservative course of treatment can undermine allegations of debilitating pain.").

The ALJ also validly found that Dr. McIntyre's opinion was inconsistent with the objective medical record, including his own treatment notes. See AR 229-32. Only in May 2006 did Dr. McIntyre record worsening migraines. See AR 183. Additionally, his treatment notes failed to describe the symptoms identified in his opinion, such as nausea, vomiting, and light sensitivity. Nor did Dr. McIntyre document any objective findings supporting his opinion. The treatment notes only stated that Plaintiff sometimes reported migraines and often received refills for Ritalin that treated her migraines. See AR 181-85, 203-07. His decision not to seek any testing or procedures to assess the extent of Plaintiff's limitations further indicates that Dr. McIntyre neither relied on nor sought objective medical evidence when opining on Plaintiff's migraines. See Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (finding that ALJ properly rejected treating physician's opinion where treatment notes "provide[d] no basis for the functional restrictions he opined should be imposed on [plaintiff]"); see also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) ("[A]n ALJ may discredit treating physicians'

opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings." (citations omitted)).

Accordingly, the Court finds that the ALJ offered specific and legitimate reasons supported by substantial evidence in the record for refusing to give Dr. McIntyre's findings controlling weight. See Lester, 81 F.3d at 830-31.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: July 27, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge